

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | THOMAS LINDEMAN<br>Tel.: (212) 356-0418<br>tlindema@law.nyc.gov |
|---|---|---|

May 31, 2023

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *M.F. v. New York City Dept. of Educ.*, 23-cv-2017(PAE)(KHP)

Dear Judge Engelmayer:

    I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff purportedly seeks enforcement of an underlying pendency order pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA") plus attorneys' fees and costs in connection with the underlying proceeding as well as this federal action.

    I write to respectfully request that this matter be stayed for 30 days, until June 30, 2023 while the parties work to resolve a factual disagreement regarding the timing of payments made in this matter. Plaintiffs consent to this request.

    Plaintiffs' March 9, 2023 Complaint, in relevant part, seeks payment for supposedly overdue invoices relating to tuition and ABA services. Those allegations are incorrect. At the time of the filing of the Complaint, no tuition payments were outstanding. Invoices were received on February 10, 2023 and paid on February 14, 2023. Additional invoices were received on March 23, 2023, after the filing of the Complaint. Those invoices were paid on March 30, 2023 and April 29, 2023. The only outstanding issue related to tuition in the underlying administrative proceeding is an overpayment Defendant made to the school, which is being resolved without the need for Court intervention.

    As for the ABA services claimed by Plaintiffs, the only outstanding invoices at the time of the filing of the Complaint were received on February 13, 2023 and March 2, 2023 totaling $2,125.00. Those payments were made in full on April 11, 2023. Defendant has processed and

paid those invoices as well as every invoice received since the filing of the Complaint in the ordinary course of business, and services have continued uninterrupted for the Student.

As the relief sought by Plaintiff was provided in the normal course of business by Defendant, and Plaintiff is not a prevailing party entitled to an award of attorneys' fees and costs, Defendant has requested that Plaintiff withdraw the Complaint. Plaintiff has requested time to confirm the timeline Defendant has laid out here. Defendant is hopeful that the requested stay will allow the parties to come to an agreement and withdraw this matter without further Court intervention. Should this matter not be withdrawn or otherwise resolved within 30 days, Defendant respectfully proposes that this Court schedule a pre-motion conference on Defendant's anticipated motion to dismiss this matter on June 30, 2023, or in the alternative schedule a joint status letter due that day proposing a briefing schedule for that motion.

Thank you for considering this request.

Respectfully submitted,
/s/
Thomas Lindeman
Special Assistant Corporation Counsel

cc: William T. DeVinney, esq.(via ECF)

The Court denies the request for a stay, but adjourns defendant's deadline to answer *sine die*. In the event that the parties have not withdrawn the case by June 30, 2023, a joint status letter is due on that date. That status letter should include a proposed deadline for defendant's to answer and briefing schedule on the anticipated motion to dismiss.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
June 1, 2023